1
2
3
4
5
6
7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   GLORIA JEAN ISGAR,                          Case No. 1:18-cv-00433 JLT

12              Plaintiff,                       ORDER VACATING MID-DISCOVERY
                                                 STATUS CONFERENCE
13   v.

14   CITY OF BAKERSFIELD, et al.,

15              Defendant.

16

17        The Court has reviewed the unilateral mid-discovery status conference reports filed by counsel.

18   (Docs. 43, 44) Though it is apparent there are ongoing discovery disputes, it is equally apparent no real,

19   good faith efforts have been made to resolve them.[1]  The Court declines to involve itself in any dispute

20   until counsel have thoroughly met and conferred on the topics. **Thus, the Court VACATES the mid-**

21   **discovery status conference but reminds counsel of their obligation to complete discovery within**

22   **the current deadlines**.

23        When making good faith meet and confer efforts, counsel should meet voice-to-voice but, failing

24   that, may make this effort in writing. No matter the venue for the discussions, they SHALL maintain a

25   ---
     [1] The Court has reviewed the transcript of Officer McNinch and observes that, except for the deponent who was caught
26   between warring counsel, there were no victims; both counsel gave as good as they got. The Court is saddened and
     disappointed to read the exchanges that occurred and reminds counsel that we work in a profession, not a business and we
27   are obligated, therefore, to uphold the ideals of our profession which include showing dignity, courtesy and respect to our
     opposing counsel even when—especially when—we strongly disagree.

                                                    1

professional demeanor and refrain from shooting accusations at the opponent. They SHALL focus on determining whether there is a compromise that can be reached on the topics at issue.

Finally, the Court ordered counsel to file a joint, mid-discovery status conference statement (Doc. 37 at 2-3), but they did not. When the Court orders counsel to file a joint report, that is most emphatically what it expects to receive. The only justification for failing to comply is if the opponent—as here—refuses to cooperate in the development of the report. The fact that counsel disagrees with the characterization of the situation set forth by his opponent in the report[2], is not an acceptable reason for willfully refusing to comply with the Court's order. Failure to comply with the Court orders in future WILL result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **June 18, 2019**                           **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Indeed, the Court did not order the parties to agree in the report. Rather, both sides were entitled to explain the status of the discovery however they wished without the other side editing it.