UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA JEAN ISGAR,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>          Defendants. | Case No.: 1:18-cv-0433 JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE<br>(Doc. 52)<br><br>ORDER DIRECTING THE CLERK OF COURT TO CLOSE THE ACTION |

Gloria Jean Isgar asserts her civil rights were violated by the City of Bakersfield and several of its police officers. According to Plaintiff, the defendants are liable for violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; California Civil Code § 52.1; negligence; and intentional infliction of emotional distress. (*See generally* Doc. 32) Plaintiff now seeks dismissal of the action without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, asserting she wants to pursue collateral state court litigation. (Doc. 52) Defendants do not oppose dismissal of the action but argue that Plaintiff's motion is nothing more than forum shopping and any dismissal should be without prejudice. (Doc. 54)

The Court finds the matter suitable for decision without oral arguments, and the matter is taken under submission pursuant to Local Rule 230(g) and General Order 618. Accordingly, the hearing date of June 19, 2020 is **VACATED**. For the following reasons, Plaintiff's motion to dismiss pursuant to Rule 41 is **GRANTED**.

1

**I.      Background**

Plaintiff asserts that in May 2017, she was a lawful occupant at 2800 Laurel Dr. in Bakersfield, California, a residence that was owned by Plaintiff's father. (Doc. 32 at 3, ¶¶11-14) She alleges that after her father's death, seven men—including Johnny Castro and several family members— came to the property where they "continuously and repeatedly attempted to physically force their way into Plaintiff's home by attempting to pry the doors open, pounding on the walls, doors, windows and/or the structure of the Residence." (*Id.* at 4, ¶¶ 17-26) Plaintiff alleges they "threatened … physical violence" and disabled the electricity to the house with the electrical supply box. (*Id.*, ¶¶ 26- 27) Plaintiff called 911, which dispatched several police officers to the residence, who arrived one to two hours after the initial call. (*See id.* at 4-5)

Plaintiff alleges that after Bakersfield Police officers arrived, they did not knock on the door and or "reassure the Plaintiff that she was safe." (Doc. 32 at 6, ¶¶ 35-37) Plaintiff asserts officers on scene did not introduce themselves, and as a result she "was confronted by anonymous, armed, uniformed BPD Officers demanding that she leave her lawful Residence after having endured threats of serious bodily injury, potential felony interruption of electrical service, and continuous attempts to break into her home by the Castro Conspirators over the course of approximately two (2) hours." (*Id.* at 7, ¶ 41)

According to Plaintiff, she looked out from the residence and was spotted by Officer Maxwell. (Doc. 32 at 6, ¶ 35) At that point, Officer Maxwell directed Plaintiff to "get out here," and never allowed "Plaintiff to tell him her side of the dispute" prior to instructing her to exit the house. (*Id.*, ¶ 38) She contends the officer "had pre-determined to remove [Plaintiff] from her residence without even considering her position." (*Id.*, ¶ 39) Plaintiff reports she attempted tell the officers her side, but the officers would not listen and ordered Plaintiff to surrender her keys to the home. (*Id.* at 8, ¶¶ 48-50) Officer Maxwell removed Plaintiff's key from the ring and gave it to her family members, who showed the officers a fraudulent document indicating ownership of the house. (*Id.*, ¶¶ 50-53) Furthermore, Plaintiff contends the officers threatened her with arrest if she did not leave, and refused to allow her "to reenter her home to obtain any of her personal property." (*Id.* at 9, ¶ 54)

On July 12, 2017, the Kern County Superior Court issued a domestic violence restraining order against Johnny Castro for Plaintiff, after listening to testimony addressing the events that transpired in

May 2017. (Doc. 32 at 11, ¶ 67)

Plaintiff contends the Bakersfield Police officers who responded to the scene were "not properly trained and supervised to comply with such basic law enforcement procedures and standards." (Doc. 34 at 2) She also argues "the involved BPD officers ignored basic law enforcement standards of training, practice and procedure and ordered her from her home in favor of men engaged in clearly criminal conduct." (*Id.*) Thus, on March 29, 2018 Plaintiff filed a complaint against the City and its officers, asserting her civil rights had been violated as a result of the officers' actions, including her removal from the home. (Doc. 1)

Following challenges to the pleadings, Plaintiff filed a second amended complaint on November 1, 2018. (Doc. 32) Defendants filed their answer on November 15, 2020. (Doc. 33) The Court held a scheduling conference with the parties and issued an order with the deadlines governing the action on December 13, 2018. (Doc. 37)

On May 19, 2020, Plaintiff filed the motion to dismiss without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, seeking dismissal in order to "pursue collateral state court litigation" against the City. (Doc. 52) Defendants filed their opposition to the motion on May 29, 2020[1] (Doc. 54), to which Plaintiff filed a reply on June 12, 2020. (Doc. 55)

**II.     Dismissal under Rule 41**

Rule 41 of the Federal Rules of Civil Procedure specifies the circumstances under which an action may be dismissed. Once a defendant has filed an answer or motion for summary judgment, a plaintiff may not unilaterally dismiss. *See Hamilton v. Shearson Lehman Am. Express, Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987). Rather, a plaintiff must seek dismissal under Rule 41(a)(2), which provides "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Unless otherwise ordered by the Court, dismissal under Rule 41(a)(2) "is without prejudice." *Id.*

The Ninth Circuit explained, "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced." *Stevedoring Serv. of Am. v. Armilla Int'l*, 889 F.2d 919, 921 (9th Cir. 1991). Thus, when ruling upon a Rule 41 motion to dismiss

---

[1] The same date, Defendants filed a motion for summary judgment. (Doc. 53)

3

without prejudice, the Court must determine whether the defendant will suffer legal prejudice. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Legal prejudice "is just that - prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. U.S.,* 100 F.3d 94, 97 (9th Cir. 1996). In other words, legal prejudice is shown "where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *Id.* The burden is on the defendant to show a matter should not be dismissed due to legal prejudice. *Edstrom v. NDEX West, LLC*, 2012 WL 4092420, at *2 (E.D. Cal. Sept. 17, 2012) ("there is no requirement in this Circuit that a plaintiff explain its reasons for seeking dismissal; rather, it is the defendant's burden to show that it will suffer plain legal prejudice in opposing a plaintiff's voluntary dismissal").

Motions for voluntary dismissal under Rule 41(a)(2) should be liberally granted if it will not result in legal prejudice. *See Stevedoring*, 889 F.2d at 921; *see also Watson v. Clark*, 716 F.Supp. 1354, 1355 (D.Nev. 1989) ("motions filed under Fed.R.Civ.P. 41(a)(2) should be liberally granted, as long as no other party is prejudiced"). The decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the district court's discretion and "will not be disturbed unless the court has abused its discretion." *Westlands Water Dist.,* 100 F.3d at 96 (citations omitted).

**III.    Discussion and Analysis**

Plaintiff asserts she wants to "pursue collateral state court litigation to enforce her judgement against Defendant City of Bakersfield." (Doc. 52-2 at 2) According to Plaintiff, "In Public Records Act litigation, denominated as Kern County Superior Court case number BCV-102089-JEB (the 'PRA Litigation') Ms. Isgar 'prevailed' against the City of Bakersfield."  (*Id.* at 3, ¶ 8) She contends the City was ordered "to engage in a "diligent search" for public records including "memorandum, emails, reports, studies, etc. related to and/or discussing the training needs of the Bakersfield Police Department."  (*Id.*, ¶ 9) Plaintiff reports that the City represent that it "engaged in a diligent search, was fully compliant with the Writ, and possessed no additional documents" in August 2019.  (*Id.*, ¶10) Plaintiff contends the City took "the opposite position" during the course of this litigation and indicated "a training plan which outlines the training needs is forwarded to the chief of police." (*Id.* at 3-4, ¶¶ 11-12) Plaintiff intends to pursue litigation against the City in the state court for failure to comply with

4

the PRA order, and seeks dismissal of the action in the federal court to avoid the burdens of litigating "in both state and federal jurisdictions." (*Id.* at 8, ¶ 39)

Defendants oppose dismissal to the extent that it is without prejudice, asserting the Court should dismiss the action *with* prejudice. (Doc. 54 at 11) According to Defendants, "Plaintiff's effort to voluntarily dismiss this case so she can re-file the case in state court is nothing more than forum shopping." (*Id.* at 4) Defendants maintain the dismissal is "a blatant attempt to cure the fact that she and her counsel failed to conduct proper and effective discovery prior to the deadlines that were established by this Court, and to avoid the final determination of this case vis a vis Defendants' Motion for Summary Judgment." (*Id.*) Defendants maintain dismissal at this juncture, and having "to start a new in State Court" would be "completely unfair and prejudicial given the resources that have been expended getting to this point," including the completion of "hundreds of discovery requests," and the designation of an expert. (*Id.* at 12)

Significantly, the threat of future litigation, uncertainty because a dispute remains unresolved, and the expenses incurred in defending against the lawsuit do not constitute legal prejudice. *Westlands Water Dist.*, 100 F.3d at 96-97. The Ninth Circuit determined that "legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citation omitted); *see also WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.,* 655 F.3d at 1059 n. 6 (observing that under Rule 41(a)(2), "[l]egal prejudice does not result merely because a defendant will be inconvenienced by potentially having to defend the action in a different forum or because the dispute will remain unresolved," and affirming dismissal where the only prejudice the defendants argued was "the risk of having to defend this action again").

Defendants argue the action should be decided on the merits with their motion for summary judgment—filed on the same date as their opposition to this motion—and it would be "unfair" for Defendants to start litigating the claims anew in the state court. (Doc. 54 at 11-12) However, as discussed above, the Ninth Circuit determined the threat of possible future litigation in a different forum is not legal prejudice. Similarly, a defendant is unable to show legal prejudice where dismissal would moot a motion for summary judgment. *See, e.g., Edstrom v. NDEX West, LLC*, 2012 WL

4092420 at *2 (E.D. Cal. Sept. 17, 2012) ("Here, defendant has failed to show it will suffer 'plain legal prejudice' as a result of dismissal. The fact that a voluntary dismissal will moot defendant's motion for summary judgment in itself is not legal prejudice."). Thus, Defendants have failed to carry the burden to demonstrate legal prejudice from dismissal of the action without prejudice.

Though the Court does not see how maintaining the state court action while this action proceeds, poses any significant burden on the plaintiff, the Court will not force a plaintiff to litigate a case which no longer holds any interest.[2]

## IV.    Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to dismiss the action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Doc. 52) is **GRANTED**;
2. The action is **DISMISSED without prejudice**[3];
3. The motion for summary judgment is terminated as **MOOT**; and
4. The Clerk of Court is **DIRECTED** to close this action.

IT IS SO ORDERED.

Dated:   **June 16, 2020**             /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] The Court considered a stay of this action, but, because the discovery deadlines have passed, any evidence that the plaintiff may gather in the state court action is irrelevant here (Fed.R.Civ.P. 26) and can have no bearing on the issues raised in this case.

[3] Though the Court would have considered the dismissal upon conditions, such as the plaintiff paying costs and/or fees, the defense did not request any conditions.